UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>           Plaintiff,<br><br>     v.<br><br>P. D. BRAZELTON, et al.,<br><br>           Defendants. | Case No.: 1:14-cv-00536-BAM (PC)<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(ECF No. 5) |

Plaintiff Maurice P. Olivier ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 16, 2014. Plaintiff's complaint concerns allegations of failure to protect him from physical and verbal assault, deliberate indifference to his safety, and deliberate indifference to serious medical needs.

On April 16, 2014, Plaintiff filed a motion seeking a temporary restraining order and a preliminary injunction against Defendants Brazelton, Ola, Ghan, Perez, Paraks, Flores and Arredondo. Plaintiff believes that he is entitled to a restraining order "requiring transfer to Federal Custody." (ECF No. 5, pp 5.) Plaintiff also appears to seek an injunction requiring Defendants to provide him with single cell status, opioid pain medication and examination by a qualified neurologist. (ECF No. 5, pp. 607.) This matter has not been screened and no defendants have appeared in this action. The motion is deemed submitted. Local Rule 230(l).

1    The analysis for a temporary restraining order is substantially identical to that for a preliminary
2    injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th
3    Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right."
4    Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation
5    omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on
6    the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
7    balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations
8    omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to
9    relief.  Id. at 22 (citation omitted).

10   As an initial matter, "a court has no power to adjudicate a personal claim or obligation unless it
11   has jurisdiction over the person of the defendant."  Zenith Radio Corp. v. Hazeltine Research, Inc.,
12   395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).  In
13   this case, the Court has not screened Plaintiff's complaint to determine whether it states a cognizable
14   claim, no defendant has been ordered served and no defendant has yet made an appearance.  Whatever
15   merit there might otherwise be to Plaintiff's requests for a preliminary injunction, at this juncture the
16   Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to
17   take any action.  Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39.

18   Further, Plaintiff has not established that he is likely to succeed on the merits.  The assertions
19   in his moving papers regarding Defendants' purported denials and interference with his prescribed
20   medical treatment are conclusory at best and fail to link any particular defendant to a violation of his
21   rights.  Plaintiff also has not established that he will suffer irreparable harm.  His statement that he has
22   been denied due medical care is not sufficient.  Additionally, his affidavit in support of the motion
23   contends that he has not been provided with opioid pain medications due to cost restraints and resulted
24   in pain is unsupported by evidence.  (ECF No. 3, p. 3.)  Plaintiff's reference to meeting minutes from
25   the Men's Advisory Council does not support any conclusion regarding the reason Plaintiff has
26   allegedly been denied opioid medication or his subsequent condition.  (ECF No. 1, Ex. 3.)
27   Additionally, Plaintiff has failed to establish that the balance of equities tips in his favor.  Plaintiff
28   states that it is beyond dispute that "his present suffering and potential suffering via morbid medical

complications and conditions of confinement" outweigh any suffering experienced by Defendants. (ECF No. 5, p. 15.)  However, Plaintiff does not provide any discussion or cite any evidence of his purported suffering, his current medical condition or his "morbid medical complications."  The Court will not scour the more than 240 pages comprising his complaint (and supporting exhibits) to find evidence in support of his request for equitable relief.  As a final matter, Plaintiff fails to establish that the requested injunctive relief is in the public interest.

Moreover, the injunctive relief Plaintiff seeks—transfer to a federal prison—cannot be obtained through this action. Plaintiff has no federal right to any such transfer, nor is it the task of federal courts to oversee discretionary housing decisions made by state prison officials. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (citing Meachum v. Fano, 427 U.S. 215, 224–25, 96 S.Ct. 2532, 2538–39, 49 L.Ed.2d 451 (1976); Olim v. Wakinekona, 461 U.S. 238, 245, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983) (no constitutional right to incarceration in a particular prison); see also Meachum, 427 U.S. at 229, 96 S.Ct. at 2540.

For these reasons, Plaintiff's motion for a temporary restraining order and a preliminary injunction, filed on April 16, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **September 3, 2014**          /s/ Barbara A. McAuliffe        _
                                        UNITED STATES MAGISTRATE JUDGE