**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>  Plaintiff,<br><br>  v.<br><br>P.D. BRAZELTON, et al.,<br><br>  Defendants. | 1:14-cv-00536-AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION FOR AN ORDER REVOKING PLAINTIFF'S** *IN FORMA PAUPERIS* **STATUS**<br><br>(Doc. 26)<br><br>FOURTEEN-DAY OBJECTION DEADLINE |

## INTRODUCTION

Plaintiff is a prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C § 1983. The action, filed on April 16, 2014, proceeds on Plaintiff's excessive force claim against Defendant Arredondo (erroneously sued as Arrendondo). (Doc. 22.) Plaintiff's claim arises from allegations that on May 1, 2013, Defendant Arredondo grabbed Plaintiff by the back of his neck and slammed him face first against the wall in violation of the Eighth Amendment. (Doc. 20, p. 9.)

Plaintiff was granted leave to proceed *in forma pauperis* on May 15, 2014. (Doc. 10.) On May 19, 2015, Defendant filed a motion to revoke Plaintiff's *in forma pauperis* ("IFP") status on the ground that he had already accrued three strikes and his pleadings did not satisfy the "imminent danger" exception outlined in 28 U.S.C § 1915(g). (Doc. 26.) Plaintiff opposed the

motion on June 18, 2015. (Doc. 29.) Defendant replied on June 23, 2015. (Doc. 30.) The motion is deemed submitted pursuant to Local Rule 230(l).

## DISCUSSION

### A. Legal Standard

The Prison Litigation Reform Act ("PLRA") provides a limitation on prisoners filing suit through its rule, nicknamed the "three-strikes rule," making *in forma pauperis* ("IFP") status unavailable to prisoners who have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005).

In challenging a prisoner's IFP status, the initial production burden rests with the defendant to produce documentary evidence that allows the district court to conclude that the prisoner has filed at least three prior actions that were dismissed because they were frivolous, malicious or failed to state a claim. *Id.* at 1120. Once defendant has met this initial burden, "the burden then shifts to the prisoner, who must attempt to rebut the defendant['s] showing by explaining why a prior dismissal should not count as a strike." *Id.*

### B. Discussion

In moving to revoke Plaintiff's IFP status, Defendant demonstrates that Plaintiff has suffered at least three dismissals that qualify as strikes under the terms of section 1915(g). Pursuant to Defendant's request, the Court takes judicial notice of Plaintiff's court records in other actions. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (court may take judicial notice of court records in other cases). Based on these court records, Plaintiff accrued a strike on January 16, 1996, when the district court dismissed *Olivier v. Freeh*, 2:96-cv-0052-RTR (E.D. Wis.), as frivolous. (Def. Req. for Judicial Notice, Ex. 2.) Plaintiff accrued a second strike on May 9, 2007, when the district court dismissed *Olivier v. City of Los Angeles*, 07-cv-3019-JWJ (C.D. Cal.), as legally and/or factually patently frivolous. (Def. Req. for Judicial Notice, Ex. 4.) Plaintiff accrued a third strike on June 7, 2007, when the district court dismissed *Olivier v.*

*County of Los Angeles*, 07-cv-2961-JFW (JWJ) (C.D. Cal.), as frivolous. (Def. Req. for Judicial Notice Ex. 3.)[1]

As Defendant met his initial burden, the burden of persuasion shifts to Plaintiff to explain why these prior dismissals should not count as strikes. *Andrews v. King*, 398 F.3d at 1120. Here, Plaintiff does not meet his burden as he does not raise any challenge to Defendant's assertion that he has "three-strikes." (Doc. 29.)   Rather, Plaintiff contends that his complaint contains allegations of "being in imminent danger of serious physical injury." (*Id.* at p. 1.)

**C. Imminent Danger Exception**

As noted above, an exception to the PLRA's "three-strikes" rule allows for filing without prepaying the filing fee when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The determination of whether Plaintiff was under imminent danger of serious physical injury is made based on the conditions at the time the complaint is filed.  Thus, it is the circumstances at the time of the filing of the complaint that matter for purposes of the imminent danger exception. *Andrews v. Cervantes*, 493 F.3d 1047, 1053-55 (9th Cir. 2007).  The "common definition of 'imminent' . . . does not refer only to events that are already taking place, but to those events 'ready to take place' or 'hanging threateningly over one's head.'" *Id.* at 1056. Thus, there must be an "ongoing danger" in order for the imminent-danger exception to apply. *Id.* at 1056-57 (finding a prisoner's allegations met the "imminent danger" requirement when he demonstrated that the prison's policies created an ongoing pattern of placing him in close proximity to inmates with a history of causing serious injuries); *see also Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (finding a prisoner's allegations of ongoing threats to her safety by other inmates due to prison officials' conduct met the "imminent danger" requirement).

---

[1] The Court also takes judicial notice of the following actions:  *Olivier v. Klee*, 13-17129 (9th Cir. 2014) (granting motion to revoke IFP status based on finding Plaintiff had three or more prior actions or appeals dismissed as frivolous, malicious or for failure to state a claim); *Olivier v. Cate*, 14-15467 (9th Cir. 2014) (denying application to proceed IFP based on finding that appeal was frivolous); *Olivier v. Dunstan*, C-13-2954-PJH-PR (N.D. Cal. 2014) (following revocation of IFP status, court dismissed action after Plaintiff failed to pay filing fee); *Olivier v. Gonzales*, 14-16658 (9th Cir. 2014) (denying application to proceed IFP because district court correctly determined that plaintiff had three or more prior actions or appeals dismissed as frivolous, malicious or for failure to state a claim). (Def. Req. for Judicial Notice, Exs. 1; 5- 6; 8.)

To demonstrate imminent danger, Plaintiff alleges in his complaint that he was subjected to prison overcrowding, double cell practices, and correctional officers inciting violence, which posed a danger to his health and safety. Plaintiff references alleged assaults by other inmates taking place in May and August of 2013, along with an alleged use of excessive force by Defendant Arredondo in May 2013. (Doc. 1, pp. 5-7, 9-10.) Plaintiff also alleges inadequate medical treatment and interference with specialized pain medication. In so doing, Plaintiff references medical treatment in October, November and December 2012, along with treatment in February and May 2013. (Doc. 1, pp. 14, 16, 18.)

In his opposition to Defendant's motion, Plaintiff contends that because of prison overcrowding and double celling practices he has been previously assaulted by other inmates and therefore has always been, and always will be, in imminent danger of serious physical injury in violation of the Eighth Amendment so long as he is incarcerated. Plaintiff references an assault by another inmate in January 2015, which took place nine months after the filing of this action. (Doc. 29, p. 6.)

The Court finds that Plaintiff has not sufficiently alleged an ongoing danger at the time he filed his complaint in April 2014. Plaintiff's allegations of prior assaults concerned incidents taking place in 2013, well before he initiated this action. Indeed, Plaintiff filed this action almost one year after the date of the alleged incident involving Defendant Arredondo, and approximately eight months after the last purported attack. *See, e.g., Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("In short, because Ashley has properly alleged an ongoing danger, and because his complaint was filed very shortly after the last attack, we conclude that Ashley meets the imminent danger exception in § 1915(g)."). Further, Plaintiff's allegations regarding prison overcrowding and double celling necessarily apply to all prisoners and are too generalized to articulate an imminent threat to his safety. Plaintiff also does not allege that any claimed prior assaults by fellow inmates occurred because of a practice by Defendant Arredondo of exercising excessive force, nor does he allege that such a practice is ongoing. *See Andrews v. Cervantes*, 493 F.3d at 1056-57 ("[A] prisoner who alleges that prison officials continue with a practice that has injured

him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception.").

Additionally, Plaintiff appears to have abandoned any assertion that his lack of appropriate medical treatment and certain medications constituted an ongoing danger. However, even if the Court considered such allegations, they do not demonstrate imminent danger at the time Plaintiff initiated this action. As noted, the medical treatment challenged by Plaintiff occurred in 2012 and 2013, which belies any argument that he was under imminent danger of any serious physical injury in April 2014. *See Andrews v. Cervantes*, 493 F.3d at 1055 ("Instead, the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

For these reasons, the Court finds that Plaintiff was not in imminent danger of serious physical injury at the time he filed his complaint and recommends that his IFP status be revoked. When IFP status is revoked pursuant to § 1915(g), the district court may dismiss the action without prejudice to re-filing with payment of fees at the time the action is re-filed. *See Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997) (holding that under § 1915(g), the case was properly dismissed without prejudice to re-filing upon payment of the filing fee).

As the Court finds that Plaintiff cannot proceed IFP, the Court need not address Defendant's alternative request to declare Plaintiff a vexatious litigant and require Plaintiff to post security.

**CONCLUSION AND RECOMMENDATION**

Based on the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's May 19, 2015, motion to revoke plaintiff's IFP status (Doc. 26) be granted;

2. Plaintiff's IFP status be revoked; and

3. This action be dismissed without prejudice to Plaintiff's re-filing it with payment of the filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings on appeal. *Wilkerson v. Wheeler,* 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 17, 2015**         /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE