**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. D. BRAZELTON, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00536-AWI-BAM (PC)<br><br>ORDER DENYING RULE 60(b)(6) MOTION TO REMOVE OUTSTANDING FILING FEE FROM PRISON TRUST ACCOUNT<br><br>(Doc. 36) |

　　Plaintiff Maurice P. Olivier ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C § 1983. Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on May 15, 2014. (Doc. 10.) On May 19, 2015, Defendant filed a motion to revoke Plaintiff's IFP status because he had accrued three strikes prior to filing this action, and his pleadings did not satisfy the "imminent danger" exception outlined in 28 U.S.C § 1915(g). (Doc. 26.)

　　On August 17, 2015, the Magistrate Judge issued Findings and Recommendations that the motion to revoke Plaintiff's IFP status be granted, and this action be dismissed without prejudice to Plaintiff's re-filing it with payment of the filing fee. (Doc. 33.) No objections were filed, and on September 30, 2015, the Court conducted a *de novo* review of the case, and adopted the findings and recommendations in full. (Doc. 34.) The Court revoked Plaintiff's IFP status, and dismissed the case without prejudice to Plaintiff re-filing it with payment of the full filing fee. (Id. at 2.)

1

Currently before the Court is Plaintiff's motion requesting an order pursuant to Federal Rules of Civil Procedure 60(b)(6). (Doc. 36.) In that motion, Plaintiff requests an order to remove the outstanding filing fee owed for this action from his prison trust account, and to notify the prison officials that the filing fee for this action is no longer owed to the Court. Plaintiff attaches as an exhibit a copy of his prison trust account statement, indicating under his obligations that the filing fee balance is still owed for this action. (Id. at 2.)

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008).

Plaintiff has not shown that he is entitled to the order he seeks in this matter. Plaintiff filed this action on April 16, 2014, and it commenced on that date. The filing fee is collected by the Court as payment for filing the case, and Plaintiff became obligated to pay it upon commencement. See Leonard v. Lacy, 88 F.3d 181, 184-86 (2d Cir. 1996) (discussing that prisoner becomes liable for filing fees under PLRA upon filing, before adjudication of motion for leave to appeal IFP and before complaint is screened). The fact that the case was later dismissed does not change that fact. The filing fee is statutorily required, and must be collected from Plaintiff regardless of the outcome of this action. 28 U.S.C. §1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350….").

The original granting of IFP status permitted Plaintiff to pay a reduced fee, in installment payments. (Doc. 10.) Plaintiff's IFP status was subsequently revoked and the matter was dismissed without prejudice, making the re-instatement of the action subject to full, immediate payment of the filing fee. (Doc. 34.) But regardless of whether Plaintiff chose to pay the full fee, upfront, to reinstate the action, the filing fee remains due from Plaintiff. See Crawford v. Williaman, 967 F. Supp. 2d 1254,

1256 (C.D. Ill. Sept. 6, 2013) (revoking IFP status, ordering that Plaintiff's case would be dismissed unless filing fee was paid in full within 28 days, and separately ordering that prison trust fund officer was to deduct payments from Plaintiff's account until the fee was paid in full pursuant to 28 U.S.C. § 1915(b)(1)); Carter v. Bennett, 399 F. Supp. 2d 936, 936 (W.D. Wis. 2005) (denying prisoner's request for IFP, dismissing case for lack of jurisdiction, and directing balance of filing fee be debited from prison trust account); 28 U.S.C. § 1915(b)(1) ("[I]f a prison brings a civil action … in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Rule 60(b)(6) motion requesting to be relieved of the obligation to pay the filing fee for this action (Doc. 36), is DENIED.

IT IS SO ORDERED.

Dated:  August 22, 2016

SENIOR DISTRICT JUDGE